Johnson, J.
delivered the opinion of the Court.
The Court being- with the defendant on a question arising out of the fifth ground of the motion, and that being decisive of the case and the rights of the parties, it is unnecessary to express any opinion on the various other questions that have been made in the case.
The question alluded to, grows out of the following state of facts: It appears that the title to the land in dispute was in John Dawson, who brought his action against the defendant to try the title, and in that action, suffered a nonsuit on the 17th October, 1820. On the 14th June, 1823, Dawson conveyed to Hugh Porter, under whose will the plaintiff now claims. On the 24th October, 1823, Hugh Porter commenced an action against the defendant to try the title, which abated by his deatji, and the present action was commenced on the 27th September, 1825. And the question submitted is, whether more than two years having elapsed between the nonsuit suffered by John Dawson, and the action brought by Hugh Porter, the plaintiff, is not barred.
By the Common Law, the plaintiff might bring ejectment for the same lands, as often as he thought proper; and neither non-suit, discontinuance, or verdict and judgment for the defendant, was a sufficient bar to a new action. It will readily be perceived, that in the hands of litigious and unprincipled men, this privilege was capable of being abused; and the Legislature, to restrain it, provided by the act of 1712, recited in the act of 1744, P. L. 190, “ That the plaintiff or demandant in any such action, in case verdict and judgment shall pass against him, or that he suffer nonsuit or discontinue, or in any otherways let fall his said action, that such verdict, judgment, nonsuit or discontinuance, shall be conclusive and definitive on the part of such plaintiff forever.” The restraint imposed on plaintiffs by this act, was found inconvenient, and the act of 1744, before referred to, was intended to provide a remedy: It declares that such verdict, judgment, nonsuit, &c. shall not be conclusive and definitive on the part of *70 such plaintiff; “ but at any time within two years, the said plain-1 ’ 1 , , „ , tin, or any other person or persons claiming by, from, or under him, shall have a right, and is hereby empowered to commence acti°n for the recovery of the said lands and tenements, de novo, and prosecute the same in the manner, &c. herein before mentioned.” And in case verdict and judgment shall again pass against such plaintiff, or that he suffer a nonsuit, &c. the plaintiff, his heirs and assigns, are declared to be forever barred, and the title of the defendant forever firmly established and settled against the plaintiff.
Dawson, under whom the plaintiff claims, brought his action against the defendant, to try the title to the land in question, and suffered a nonsuit; and more than twofyears had elapsed before Hugh Porter, to whom he conveyed, brought his action. That time had, indeed, run out before Dawson conveyed to Porter; and this appears to me to be the very case contemplated by the act, and the bare statement of it is the only mode of shewing its application. In the words of the act, the nonsuit was conclusive and definitive against Dawson, and necessarily, against all claiming under him, unless a second action had been commenced within two years. That not having been done, the right and title of the defendant is firmly settled and established. The case-of Lynah v. Withers, 2 Bay, 117, if authority was necessaiy, is in point.
Motion granted.